**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **v.**

**OUL Located at: Mansiones del Caribe, Humacao, Puerto Rico,**

    **Defendant.**

**Civil No. 07-1487 (ADC)**

## OPINION AND ORDER

Plaintiff, the United States of America ("plaintiff" or "the government"), filed a verified complaint on June 2, 2007, for forfeiture in rem of One Urban Lot located at Mansiones del Caribe, Número 12-AA, Barrio Río Abajo, Puerto Rico ("forfeiture property"). **Docket No. 1.** On September 18, 2007, claimants Carlos Señeriz-Gómez ("Señeriz") and Eileen Padró-Rullán ("Padró")(collectively "claimants"), filed a motion for an extension of time, until October 24, 2007, to answer the verified complaint. **Docket No. 11.** On February 7, 2008, the court found claimaints' motion moot. **Docket No.13**. On February 25, 2008, the government filed a motion for default decree of forfeiture. **Docket No. 14**. On March 9, 2008, claimants filed an answer to the verified complaint. **Docket No. 15**. On April 7, 2008, the court denied the government's motion for default decree. **Docket No. 18**.

The government filed a second motion for default decree of forfeiture on November 10, 2008. **Docket No. 21.** Claimant did not oppose the same. Given that the government's second motion was unopposed, the court entered a default decree of forfeiture on May 21, 2009. **Docket No. 23**. On June 12, 2009, claimants filed a motion to set aside the default decree of forfeiture, which was referred to a Magistrate-Judge for a Report and Recommendation. **Docket Nos. 25, 27**.

After holding an evidentiary hearing and listening to the government's witness and Padró, Magistrate-Judge Marcos E. López ("Magistrate-Judge") issued a Report and Recommendation ("R & R") on September 2, 2009, recommending denial of claimants' motion

to set aside the default decree of forfeiture. **Docket No. 42.** Claimants objected to the R & R. **Docket No. 44**. After careful consideration, the court **ADOPTS** the R & R in full. Thus, claimants' motion to set aside the default decree of forfeiture (**Docket No. 25**) is **DENIED**.

## I.     Factual Background

Inasmuch as claimants have not made a specific objection to the Magistrate-Judge's recitation of the factual background, the court hereby adopts the same. **Docket No. 42**, at 2-4.

## II.    Applicable Standards of Review

### A.    Standard of Review for Objections to a Report and Recommendation

A district court may refer pending motions to a magistrate-judge for a report and recommendation. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); L. Cv. R. 72(a). Any party adversely affected by the recommendation issued may file written objections within ten (10) days of being served with the report and recommendation. 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop*, 389 F. Supp. 2d 189, 191-92 (D.P.R. 2005) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)). "The district court need not consider frivolous, conclusive, or general objections." *Rivera-García v. United States*, Civ. No. 06-1004 (PG), 2008 WL 3287236, *1 (D.P.R. Aug. 7, 2008) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419 (5th Cir. 1987)). Moreover, to the extent the objections amount to no more than general or conclusory objections to the report and recommendation, without specifying to which issues in the report the party is objecting, or where the objections are repetitive of the arguments already made to the magistrate-judge, a *de novo* review is unwarranted. *Id.* "Instead, the report and recommendation is reviewed by the district judge for clear error." *Id.* (citing *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("It is improper for an objecting party to . . . submit[ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.")).

In conducting its review, the court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate-judge." 28 U.S.C. § 636 (a)(b)(1); *see also Templeman v. Cris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985); *Alamo-Rodríguez v. Pfizer Pharma., Inc.*, 286 F. Supp. 2d 144, 146 (D.P.R. 2003). Hence, the court may accept those parts of the report and recommendation to which the party does not object. *See Hernández-Mejías v. General Elec.*, 428 F. Supp. 2d 4, 6 (D.P.R. 2005) (citing *Lacedra v. Donald W. Wyatt Detention Facility*, 334 F. Supp. 2d 114, 125-26 (D.R.I. 2004)).

### B. Fed. R. Civ. P. 60(b)

Inasmuch as claimants have not made any specific objections to the Magistrate-Judge's standard for applying Fed. R. Civ. P. 60 (b), the court hereby adopts the same. **Docket No. 42**, at 4-6.

## III. Analysis

### A. Claimants' Objections to the R & R

Claimants' primary objection to the R & R is that the Magistrate-Judge erred in failing to set aside the default decree because (1) at the evidentiary hearing, the government was only able to establish that the forfeited property was purchased with $3,000.00 of illegal proceeds, thus Padró may claim the innocent owner defense; and, (2) the reason the motion for default judgment went unopposed was due to claimants' counsel's diagnosis of a life-threatening condition, for which claimants should not be held responsible and is "excusable neglect." Claimants understand that, given the scant evidence the government presented and counsel's reasons for invoking excusable neglect, the Magistrate-Judge erred in his recommendation to deny setting aside the default decree of forfeiture, under Rule 60 (b)(6). **Docket No. 44,** at 5-7.

### B. Discussion

Claimants' first objection centers on their understanding that the Magistrate-Judge erred in declining to recommend setting aside the default decree of forfeiture because the government was unable to prove the forfeited property (the house where Padró and her minor children live) was bought with illegal proceeds and Padró could raise the innocent

owner defense. The court disagrees.

First, the sole issue before the Magistrate-Judge was the merits of setting aside the default decree, not the merits of the forfeiture. Since the merits of the forfeiture itself were not at issue during the evidentiary hearing, nor was it the basis of the R & R, claimants' objection regarding the evidence of the illegal proceeds is misplaced. The fact remains that claimants did not defend their case when called upon by this court and by the rules to so do. This is not the stage to determine whether claimants *could* have presented a meritorious defense, but whether claimants have met their burden of showing relief from final judgment is warranted. Therefore, despite the Magistrate-Judge's understanding that the government presented scant evidence that the forfeiture property was purchased with illegitimate income (*see* **Docket No. 42**, at 11), his primary assessment lay in the merits of setting aside the default decree of forfeiture, not as to whether claimants could have had a valid defense at some point in the forfeiture proceedings.[1] As stated in the R & R, relief from final judgments, such as the one at bar, are circumscribed by Federal Rule of Civil Procedure 60(b). Thus, we shall move to claimants' second objection to the R & R, which is grounded on the Magistrate-Judge's application of Rule 60(b) to the facts of this case.

Claimants understand that the Magistrate-Judge erred in not finding that counsel's life-threatening condition was grounds for relief from judgment on the grounds of "excusable neglect." Although claimants pray for general relief under Rule 60(b), and specifically cite to Rule 60 (b)(6)[2](**Docket No. 44**, at 6), claimants argue for relief due to counsel's "excusable

---

[1] Even if the court were to entertain this argument, the Magistrate-Judge stated in the R & R that claimants did not present evidence to show that the proceeds from the sale of the first house were used to buy the second house (the forfeited property) or that the first house was built with legitimate proceeds. **Docket No. 42**, at 11. These findings defeat claimants' contentions.

[2] As stated in the R & R, to prevail on a Rule 60(b)(6) motion, claimants "must show extraordinary circumstances suggesting that the party is faultless in the delay." *Blanchard v. Cortés-Molina*, 453 F.3d 40, 44 (1st Cir. 2006) (citing *Pioneer Inc. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993)). *See* **Docket No. 42**, at 5. Here, counsel has admitted his fault. **Docket No. 44**, at 5. Since our analysis is grounded on the basic precept that "all parties are bound by the acts of their attorneys," *Ojeda-Toro v. Rivera-Méndez*, 853 F.2d 23, 30 (1st Cir. 1988), citing *Link v. Wabash Railroad Co.,* 370 U.S. 626, we find,

neglect," which is predicated on Rule 60(b)(1).[3]  Here, counsel failed to respond or otherwise mount an effective defense to the government's forfeiture proceedings. Specifically, claimants' neglect consisted of: (1) answering the complaint six months after it was due, only after the government had requested default judgment against them (**Docket Nos. 15, 14);** and (2) not responding to the government's second motion for default decree (**Docket Nos. 21**).[4]  Counsel argues the Magistrate-Judge should have found his neglect excusable due to counsel's diagnosis of a life threatening condition.  **Docket No. 44**, at 4-7.[5]  However, at the hearing, counsel refused to elaborate upon the same.

As counsel admitted, the Magistrate-Judge attempted every avenue to ensure counsel's privacy and confidentiality at the hearing.  **Docket No. 44**, at 5, n 2.  The Magistrate-Judge even proposed raising these matters in a sealed courtroom.  **Docket No. 42**, at 8, n 4. Medical certificates or any other document in support of counsel's contentions could have been filed redacted, under seal, or with restricted viewing.  Medical certificates could have been presented that, without disclosing the condition, would have given the court a date of diagnosis, dates or schedules of ongoing treatment and any other evidence to demonstrate that counsel's condition, in effect, caused the failure to oppose and is sufficient grounds to set aside the default decree.  However, counsel here made no such showing on these crucial

---

as did the Magistrate-Judge, that Rule 60(b)(6) is inapplicable to the case at hand.

[3]**b) Grounds for Relief from a Final Judgment, Order, or Proceeding.**
On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
**(1)** mistake, inadvertence, surprise, or **excusable neglect**. . .
Federal Rules of Civil Procedure Rule 60(b)(1)(emphasis added).

[4]Counsel had alternatives to excuse these extended delays.  He could have filed an informative motion requesting a prolonged extension of time to respond to the motion due to his recent diagnosis or that the case be stayed until his condition stabilized.  No such action was taken.

[5]Counsel argues that claimants were in settlement negotiations with the government that did not materialize and that they understood the case would be set for trial, since the court denied the government's motion for summary judgment.  However, these events still do not explain or provide a justifiable reason for claimant's failure to respond to the government's second motion for default decree of forfeiture.

issues. The record is silent as to when or how the diagnosis affected these proceedings and filings or how said condition inexorably interfered with the defense of this case. In the absence of any evidence to guide the evidentiary hearing or to guide the court in setting aside the default decree, the court is left with little grounds to set aside the same.

As the First Circuit has made clear, a party requesting relief under Rule 60(b)(1) due to their attorney's alleged neglect must "shoulder a fairly heavy burden." *Greene v. Union Mutual Life Insurance Company of America,* 764 F.2d 19, 22-23 (1st Cir. 1985). As noted above, relief is available only under "unique or extraordinary" circumstances, and only where the litigant can show why she was justified in failing to avoid the neglect. *U.S. v. Real Property and Bldg. at 105 Bayside Road, Quincy, Mass.*, 1990 WL 151346, 3 (1st Cir. 1990)(internal citations omitted). Here, claimants simply have not shouldered this burden.

The Magistrate-Judge held an evidentiary hearing to consider the merits of setting aside the default decree of forfeiture but was provided with nothing to attest to the reasons invoked as the cause of the neglect. At the hearing and upon the Magistrate-Judge's inquiries, claimants' counsel declined the court's invitation to disclose, privately in a sealed courtroom, any evidence to validate his assertions. As sympathetic as the court may wish to be with counsel's condition and how lamentable the situation is for the parties involved, counsel has failed to meet its burden and has not put the court in the position to truly entertain the merits of his Rule 60(b) request. Accordingly, the court finds no error with the Magistrate-Judge's recommendation to deny claimants' motion to set aside the default decree of forfeiture.

## IV.   Conclusion

In light of the foregoing, the Report & Recommendation (**Docket No. 42**) is **ADOPTED** in full. Consequently, defendant's motion to set aside (**Docket No. 25**) is **DENIED**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 29th day of January, 2010.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**